IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARMON D. FLYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-722-RAH-CWB |
| ) | |
| BRIDGECREST CREDIT ) | |
| COMPANY, LLC, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

On September 19, 2025, the Magistrate Judge recommended that Plaintiff's *Motion to Remand* (doc. 7) be denied. On October 21, 2025, Plaintiff filed *Plaintiff's Objections to the Magistrate Judge's Report and Recommendation* (doc. 18).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Plaintiff's first objection challenges the Magistrate Judge's characterization of Counts II and III of the Complaint as independent federal statutory claims. As the Magistrate Judge points out, Count II of Plaintiff's Complaint is titled "Violation of the Fair Credit Reporting Act (FCRA)[.]" (Doc. 1-2 at 9.) The Fair Credit Reporting Act is undoubtedly a body of federal statutes, and therefore federal laws. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263–65 (11th Cir. 1988) (concluding that removal to federal court was appropriate when the plaintiff alleged state law tort violations in conjunction with FCRA claims). In a similar vein, Count III is titled "Violation of the Fair Debt Collection Practices Act (FDCPA)[.]" (Doc. 1-2 at 9.) The FDCPA is also a body of federal statutes, and therefore federal laws. *See Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352 (11th. Cir. 2009). Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. Therefore, because removal is proper when the district court would have had "original jurisdiction" over the case at the time it was removed, this Court possesses subject matter jurisdiction. 28 U.S.C. § 1441(b); *see also Florida Cent. & P.R. Co. v. Bell*, 176 U.S. 321, 327–28 (1900).

Plaintiffs' second objection is that, according to *Merrel Dow Pharmaceuticals Inc. v. Thompson*, because no private right of action is contained within the FCRA, that statute cannot serve as the basis for creating federal-question jurisdiction. *Merrel Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("*Merrel Dow*"). Plaintiff misunderstands the point of *Merrel Dow*, as *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.* makes clear that federal-question jurisdiction can be created either by the plaintiff invoking a cause of action created by federal law or by implicating significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("*Grable*"). As *Grable* pointed out, "the missing cause of action [is] not a missing federal door key, always required, but

2

as a missing welcome mat, required . . . when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims embedded with federal issues." *Id.* at 317. *Grable* also noted that "an opinion [is] to be read as a whole, and *Merrell Dow* cannot be read whole as overturning decades of precedent . . . and [as] converting a federal cause of action from a sufficient condition for federal-question jurisdiction into a necessary one." *Id.*

In this case, significant federal issues are implicated by pleading violations of the FCRA and allowing its removal is not likely to attract a substantial increase in removal of cases that implicate state law claims. Regardless, Plaintiff's Complaint alleges additional violations under the FDCPA, which "provides a civil cause of action against any debt collector who fails to comply with the requirements of the Act . . . ." *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009). Because the FDCPA creates a federal cause of action and because Plaintiff alleges a violation under that Act, there are more than sufficient grounds for finding federal-question jurisdiction to be present in this case, regardless of Count II and Plaintiff's unconvincing assertion that Counts II and III were meant only to serve as "background context" to her alleged solely stated law claims. (Doc. 7 at 1.)

Plaintiff's third objection to the Magistrate Judge's Recommendation cites to the *Grable/Gunn* test as not being satisfied. That test, as outlined in *Gunn v. Minton*, applies when federal jurisdiction is being exercised over an exclusively state law claim, *e.g.*, an entirely state-based legal malpractice claim involving an underlying federal patent law dispute. *Gunn v. Minton*, 568 U.S. 251, 258–59 (2013). In those cases, a federal issue must "(1) necessarily [be] raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance of federal and state judicial responsibilities. *Id.* (quoting *Grable & Sons*, 545 U.S. at 314). Though that test would likely be met here, given the

3

presence of the FDCPA claim, this Court finds that the *Grable/Gunn* test is inapplicable and unnecessary to reach.

Plaintiff's fourth objection asserts that supplemental jurisdiction does not cure the lack of federal jurisdiction. (*See* Doc. 18 at 2.) For the reasons stated above, this objection fails due to the presence of federal-question jurisdiction and the lack of any necessity to exercise supplemental jurisdiction.

Accordingly, and for good cause, it is **ORDERED** that:

(1) Plaintiff's *Objections to the Magistrate Judge's Recommendation* (doc. 18) are **OVERRULED**;

(2) The Magistrate Judge's *Recommendation* (doc. 8) is **ADOPTED**; and

(3) Plaintiff's *Motion to Remand* (doc. 7) is **DENIED**.

**DONE** this the 4th day of November 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE